## UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| NICOLE VINCENT, ET AL. | * | CASE NO. 6:20-CV-00299 |
| | * | |
| versus | * | |
| | * | JUDGE MICHAEL J. JUNEAU |
| D.R. HORTON, INC. – GULF COAST, | * | |
| BAYOU TORTUE MANOR, LLC, | * | MAGISTRATE JUDGE PATRICK J. |
| BAYOU TORTUE MANOR OWNERS | * | HANNA |
| ASSOCATION, INC., BAYOU | * | |
| TORTUE MANOR ARCHITECTURAL | * | |
| CONTROL COMMITTEE, AN | * | |
| UNINCORPORATED ASSOCIATION, | * | |
| CLIFTON D. GUIDRY, MARK STE. | * | |
| MARIE, AND MARK GALLAGHER | | |

### CROSS CLAIMS ON BEHALF OF BAYOU TORTUE MANOR, LLC

NOW INTO COURT, through undersigned counsel, comes Defendant, BAYOU TORTUE MANOR, LLC (hereinafter referred to as "Developer"), a Louisiana limited liability company, who respectfully asserts this Cross Claim against BAYOU TORTUE MANOR OWNERS ASSOCIATION, INC. as follows:

1.

Made Cross Claim defendant herein is BAYOU TORTUE MANOR OWNERS ASSOCIATION, INC. (hereinafter referred to as the "HOA"), a Louisiana non-profit corporation, maintaining its principal office in Lafayette Parish, Louisiana who may be served with process through its registered agent Standard Law, PPLC, at 921 Kaliste Saloom Road, Lafayette, Louisiana 70508.

2.

Jurisdiction is proper in this Court inasmuch as it maintains subject matter jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1441 over the principal demands in the above-captioned matter.

3.

Venue is proper in this Court as the underlying facts of this claim all occurred within this judicial district and further all defendants reside in this judicial district as set forth in 28 U.S.C. §1391.

FACTUAL BACKGROUND

4.

From the inception of the residential community development known as Bayou Tortue Manor (the "Development") until January 23, 2020 representatives of the Developer served as members of the Board of Directors for the HOA.

5.

Upon the sale of the first lot in the Development to a third-party, and in accordance with the Declaration of Covenants Servitudes and Restrictions of Bayou Tortue Manor, (the "Community Documents") the obligation to maintain the common areas and pay common expenses of the Development transferred to the HOA. However, in accordance with Article 1.2 of the Covenants of the HOA, the HOA entered into an oral agreement with the Developer for the orderly administration of the HOA obligations and responsibilities. To this end, the HOA requested advancements from the Developer to cover the costs of administration of the common areas and maintenance in amounts which exceeded the assessments paid by members of the HOA.

6.

Between January 2017 and October 2019, the Developer expended a total $154,936.18 on expenses associated with the common areas of the Development that were the responsibility of the HOA to maintain and finance.

7.

During that same time period, the Developer on behalf of the HOA collected $30,822.90 in assessments from the lot owners in the Development to cover cost and expenses incurred in maintaining the common areas of the Development.

8.

Accordingly, from what was expended by the Developer on behalf of the HOA and what collected by the Developer on behalf of the HOA a difference of $124,113.28 was advanced by the Developer on behalf of the HOA resulting in the HOA being indebted unto the Developer in the amount of $124,113. 28.

9.

The Developer avers that the Community Documents, provide that every owner of a lot in the Development shall be deemed to be a member of the HOA.

10.

The Community Documents, and in particular, Section 2.1 of the Covenants of the HOA further provide that notice of a meeting of the members shall be given to all members of the HOA no later than ten days and no earlier than thirty days before a meeting of the Members can take place, except in the case of emergency where only reasonable notice must be given.

11.

At all times pertinent, the Developer has and continues to own lots in the Development and therefore is a member of the HOA as that term is defined in the Community Documents.

12.

Upon information and belief, a meeting of the members of the HOA was noticed to be held on March 2, 2020 for the purpose of electing a new Board of Directors for the HOA. The Developer maintains that it received no notice of such meeting, which was required by the Community Documents.

13.

Upon information and belief, the Developer maintains that on March 2, 2020, at this meeting of the members of the HOA, the members nominated and elected a new Board of Directors. On information and belief, the Developer avers that Christopher Broussard, Kevin LaGrange, Ryan Millett, Nicole Vincent, and Jason Broussard were purportedly elected to serve as members of the Board of Directors of the HOA.

14.

Subsequent thereto, at this meeting of the members of the HOA which was not called in accordance with the Community Documents for failing to provide proper notice to all members of the HOA, the new members of the Board of Directors took a number of actions in an effort to rescind amendments made to the Community Documents, which were enacted by the Developer in accordance with the Community Documents, which included rescinding the following amendments to the Community Documents and an Agreement, to wit:

- Agreement dated December 12, 2019 and recorded in the Public Records of Lafayette Parish, File No. 2019-41753;

- *Amendment to the Restrictive Covenants of Bayou Tortue Manor Subdivision,* recorded in the public records of Lafayette Parish, file entry No. 2018-9009;

- *Second Amendment to the Declaration of Covenants Servitudes and Restrictions of Bayou Tortue Manor Subdivision,* recorded in the public records of Lafayette Parish, file entry No. 2019-41751; and

- *Third Amendment to the Declaration of Covenants Servitudes and Restrictions of Bayou Tortue Manor Subdivision,* recorded in the public records of Lafayette Parish, file entry No. 2020-2494

- *First Amendment to the Covenants of the Bayou Tortue Manor Owners Association, Inc.,* recorded in the public records of Lafayette Parish, file entry No. 2019-41752

- *Second Amendment to the Covenants of the Bayou Tortue Manor Owners Association, Inc.,* recorded in the public records of Lafayette Parish, file entry No. 2020-2495

15.

Additionally, this newly appointed Board of Directors and members of the HOA who did receive notice (all of the Plaintiffs in this proceeding having received notice) at the improperly noticed meeting of the HOA, in direct conflict with the Community Documents, resolved to remove the members of the Architectural Control Committee ("ACC"), namely Clifton D. Guidry, Mark Ste. Marie, and Mark Gallagher, who were appointed by the Developer and who, in accordance with the Community Documents were to serve on the ACC until they resigned.

16.

The Developer maintains that the actions of the newly appointed Board of Directors and members during the improperly noticed March 2, 2020 meeting were done in direct violation of the Community Documents and any action taken by this Board of Directors, illegally should be declared null and void and without effect.

17.

Additionally, this newly appointed Board of Directors, in direct conflict with the Community Documents resolved at a meeting held on March 4, 2020 to appoint Corey Fontenot, Rebecca Vincent, Jack Gilbert, Kevin LaGrange, and Britt Theriot to serve as members of the ACC.

18.

The actions of the newly appointed Board of Directors on March 4, 2020 were in direct violation of the Community Documents inasmuch as the original members of the ACC were to serve without threat of removal until they resigned and therefore the Developer maintains that the action of this Board should be declared null and void and without effect.

COUNT 1: CLAIM FOR MONIES DUE

19.

Developer reiterates and reavers allegations contained in paragraphs 1-8.

20.

The Community Documents, which have the force of law between the HOA and the lot owners provide that the HOA – not the Developer – has the duty to maintain the common areas of the Development, including payment of associated expenses. As permitted by the Community Documents, the HOA entered into an agreement with the Developer for the orderly administration of the HOA obligations and responsibilities.

21.

Under this agreement, the HOA requested advancements from the Developer to cover the cost of administration of the common area and maintenance in amounts which exceeded assessments paid by the members of the HOA. The funds provided to the HOA by the Developer

represent a loan provided to the HOA to assist the HOA in fulfilling its obligations under the Community Documents.

22.

The Developer maintains that it advanced on behalf of the HOA the sum of $124,113.28 and therefore is entitled to recover of said sum, together with legal interest at the highest rate allowed by law from date of judicial demand until paid.

23.

Alternatively, in the event this Honorable Court determines the sums paid were not a loan, the Developer maintains that it is entitled to recover the $124,113.28 under the theory of unjust enrichment.

24.

Under Louisiana Civil Code art. 2298, one who has been enriched at the expense of another without cause is bound to compensate that person.

25.

In the instant case, the Developer paid sums it was not obligated to pay that benefitted the HOA by fulfilling the HOA obligation under the Community Documents.

26.

Accordingly, and in the alternative, the Developer maintains it is entitled to recover the amount it paid on behalf of the HOA in the amount of $124,113.28 under the theory of unjust enrichment.

COUNT 2: CROSS CLAIM FOR DECLARATORY RELIEF

27.

Developer reiterates and reavers allegations contained in paragraphs 1-18.

28.

As noted in the preceding facts, the Community Documents require that all members of the HOA be notified of meetings of the members of HOA.

29.

As also noted above, the Developer did not receive any notice of the meeting held on March 2, 2020 at which a new board of directors of the HOA was elected and did not have the opportunity to cast its vote and be heard

30.

The Developer maintains that when proper notice is not given of a meeting of the members of a nonprofit corporation, any action taken at that meeting is null and void due to the lack of notice.

31.

The Developer maintains that all business conducted at said meeting of March 2, 2020, including the purported election, efforts to rescind the aforementioned amendments and agreement, and efforts to remove the members of the ACC, was unlawful and is null and void such that all action taken at that meeting must be rescinded as if it never occurred.

32.

Additionally, the Developer maintains that any action subsequently taken by the newly elected Board of Directors appointed at the meeting without due notice to all members of the HOA, including all business conducted at the March 4, 2020 meeting and installation of Corey Fontenot, Rebecca Vincent, Jack Gilbert, Kevin LaGrange, and Britt Theriot to the ACC, should likewise be declared null and void and having no effect.

33.

As such, the Developer requests that this Honorable Court declare all action taken during the March 2, 2020 meeting unlawful and null and void such that said action has no effect and is rescinded as if it never occurred and further declaring that all action taken subsequent to the March 2, 2020 by the improperly elected Board of Directors, including the events of the March 4, 2020 meeting, to be unlawful and null and void such that said action has no effect and is rescinded as if it never occurred.

WHEREFORE, premises considered, BAYOU TORTUE MANOR, LLC prays for the following:

1. That BAYOU TORTUE MANOR ASSOCIATION, INC. be served with these Cross Claims and duly required to answer the same within the time delays allowed by law;

2. That after due proceedings are had a judgment be issued in favor of BAYOU TORTUE MANOR, LLC and against BAYOU TORTUE MANOR OWNER ASSOCIATION INC. ordering BAYOU TORTUE MANOR OWNER ASSOCIATION INC. to pay the loaned amount due of $124,113.28 together with legal interest at the highest rate allowed by law from the date of judicial demand and all court costs, or alternatively ordering BAYOU TORTUE MANOR OWNERS ASSOCIATION, INC. to pay $124,113.28 on the basis of unjust enrichment;

3. That after due proceedings are had declaratory judgment be issued in favor of BAYOU TORTUE MANOR, LLC and against BAYOU TORTUE MANOR OWNER ASSOCIATION, INC. declaring that BAYOU TORTUE MANOR OWNER ASSOCIATION, INC failed to provide proper notice of members meetings to all owners;

4. That after due proceedings are had declaratory judgment be issued in favor of BAYOU TORTUE MANOR, LLC and against BAYOU TORTUE MANOR OWNER ASSOCIATION, INC. further declaring that due to the failure of notice it was unlawful to hold a meeting of the members, and as such that all business conducted at the meeting held on March 2, 2020 and all actions taken during said meeting are null and void and shall be without effect and are rescinded as if they were to have never occurred; and

5.  That after due proceedings are had declaratory judgment be issued in favor of BAYOU TORTUE MANOR, LLC and against BAYOU TORTUE MANOR OWNER ASSOCIATION, INC. declaring that all actions taken by the improperly elected Board of Directors during and subsequent to the March 2, 2020 meeting, including the business conducted during the March 4, 2020 meeting, are null and void and shall be without effect and are rescinded as if said actions were to have never occurred.

AND FOR ALL GENERAL AND EQUITABLE RELIEF, ETC.

Respectfully submitted,

ALLEN & GOOCH
A Law Corporation

EMILE JOSEPH, JR. #14410
MARINA J. WILSON, #38940
2000 Kaliste Saloom Rd. Ste. 400
Lafayette LA 70508
337.291.1310
337.291.1315 (facsimile)
EmileJoseph@AllenGooch.com
*Attorneys for Bayou Tortue Manor, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court using the electronic filing system and a copy of the foregoing pleading has been served upon all counsel of record in these proceedings via electronic means. I further certify that on this same day, the foregoing pleading was sent via United States Mail to all unrepresented parties.

Signed this 6th day of April, 2020 in Lafayette, Louisiana.

EMILE JOSEPH, JR.