UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| NICOLE VINCENT, ET AL. | CIVIL ACTION NO. 6:20-cv-00299 |
| VERSUS | JUDGE JUNEAU |
| D.R. HORTON, INC. – GULF COAST, ET AL. | MAGISTRATE JUDGE HANNA |

### REPORT AND RECOMMENDATION

Pending before the court is the motion to remand (Rec. Doc. 14), which was filed by the plaintiffs, Nicole Vincent, *et al*. The motion is opposed. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, it is recommended that the motion be GRANTED IN PART and DENIED IN PART.

### Background

This lawsuit was originally filed in the 15th Judicial District Court, Lafayette Parish, Louisiana. In their "Verified Petition for Derivative Proceeding and Direct Action Seeking Mandatory and Prohibitory Injunctive Relief, Declaratory Relief, and Damages," the thirty-nine plaintiffs alleged that they are all owners of homes or lots in Bayou Tortue Manor, a subdivision located near Broussard, Louisiana, and mandatory members of the Bayou Tortue Owners Association, Inc. According to

the petition, the subdivision was developed by Clifton D. Guidry, Mark Ste. Marie, and Mark Gallagher. Guidry, Ste. Marie, and Gallagher also are alleged to be the sole members of Bayou Tortue Manor, L.L.C. and the original members of the Bayou Tortue Manor Architectural Control Committee.

When the subdivision was developed in 2015, subdivision restrictions were recorded in the public records in a document styled "Declaration of Covenants Servitudes and Restrictions of Bayou Tortue Manor." In December 2019, defendant D.R. Horton, Inc. – Gulf Coast allegedly purchased several lots in the subdivision, intending to build homes on the lots and sell them to members of the public. In connection with D.R. Horton's purchase, the subdivision restrictions were allegedly amended to make them less onerous. The plaintiffs now seek to nullify the amendment by which D.R. Horton was allegedly allowed to construct homes in the subdivision that do not comply with the more stringent restrictions imposed on builders and homeowners in the original subdivision restrictions. The plaintiffs also seek to stop D.R. Horton from building houses in the subdivision that are not required to meet the standards that they were held to when their homes were built. Additionally, the plaintiffs seek to recover damages.

The plaintiffs sued Guidry, Ste. Marie, Gallagher, Bayou Tortue Manor, L.L.C., Bayou Tortue Manor Owners Association, Inc., Bayou Tortue Manor

2

Architectural Control Committee, and D.R. Horton. D.R. Horton removed the suit to this forum, contending that the court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the plaintiffs' complaint presents a federal question. The plaintiffs responded with the instant motion to remand, arguing that the complaint articulates only state-law claims and that the court therefore lacks subject-matter jurisdiction over this action.

## Law and Analysis

### A. Applicable Legal Principles

"Federal courts are courts of limited jurisdiction. Absent jurisdiction conferred by statute, district courts lack power to consider claims."[1] Federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3] In this case, there is no allegation of diversity jurisdiction, and the parties do not appear to be diverse in

---

[1] *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994). See, also, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[2] 28 U.S.C. § 1331.

[3] 28 U.S.C. § 1332.

citizenship; thus, the court's subject-matter jurisdiction must be premised on the existence of a federal question.[4]

Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."[5] Whether a claim arises under federal law so as to confer federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[6] Under that rule, "there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."[7] The well-pleaded complaint rule makes the plaintiff the master of his complaint, allowing him to avoid federal-court jurisdiction by relying exclusive on state law.[8]

---

[4]    *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988).

[5]    28 U.S.C. § 1331.

[6]    *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). See, also, *Elam v. Kansas City Southern Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011); *Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.*, 271 F.3d 186, 188 (5th Cir. 2001); *Hart v. Bayer Corp.*, 199 F.3d 239, 244 (5th Cir. 2000) ("If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking.").

[7]    *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002). See, also, *Saadat v. Landsafe Flood Determination, Inc.*, 253 Fed. App'x 343, 344 (5th Cir. 2007).

[8]    *Caterpillar Inc. v. Williams*, 482 U.S. at 392.

"Since a defendant may remove a case only if the claim could have been brought in federal court,. . . the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'"[9]  "An action can arise under federal law for purposes of § 1331 in two ways:  In a well-pleaded complaint (1) the party has asserted a federal cause of action,. . . or (2) the party has asserted a state cause-of-action claim that necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities. . . ."[10] If a plaintiff chooses not to present a federal claim, even though one is potentially available, the defendant may not remove the case from state to federal court.[11] Asserted or anticipated defenses set forth in a defendant's answer or notice of removal do not provide a basis for federal question jurisdiction.[12]  In other words, jurisdiction generally may not be sustained on a theory that the plaintiff has not

---

[9] *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

[10] *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013) (citations, internal quotation marks, and brackets omitted).

[11] *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017).

[12] *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 328 (5th Cir. 2008); *Caterpillar Inc. v. Williams*, 482 U.S. at 393.

advanced.[13]  Furthermore, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction" over a case.[14]

A suit is presumed to lie beyond the scope of federal-court jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[15]  Similarly, any doubts regarding whether removal jurisdiction is proper should be resolved against federal-court jurisdiction.[16]  The party invoking the court's subject-matter jurisdiction has the burden of establishing the court's jurisdiction.[17]  Thus, when a lawsuit has been removed from state court, as this suit has, the removing party must bear that burden.[18]  Accordingly, D.R. Horton, as the removing party, has the burden of establishing that this Court has subject-matter jurisdiction over this action.

---

[13]   *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. at 809 n. 6.

[14]   *Willy v. Coastal Corp.*, 855 F.2d at 1168 (quoting *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. at 813).

[15]   *Kokkonen v. Guardian Life*, 511 U.S. at 377; *Howery v. Allstate*, 243 F.3d at 916.

[16]   *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

[17]   *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S. S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961).

[18]   *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

## C. The Plaintiffs' Petition Does Not Support Federal-Question Jurisdiction

The defendants argued in opposition to the remand motion that the allegations set forth in Paragraphs 59 and 60 of the complaint are sufficient to support federal-question jurisdiction. In those paragraphs, the plaintiffs alleged that the defendants' enactment of the amendment to the subdivision restrictions used the Louisiana Homeowners Association Act ("LHAA"), La. R.S. 9:1141.1, *et seq.*, to impair the plaintiffs' constitutionally protected due process and equal protection rights. They further alleged that the Lafayette Parish Clerk of Court's recordation of the amended subdivision restrictions in the parish conveyance records was state action.[19] In their prayer for relief, the plaintiffs reiterated their claim that the defendants violated their rights to procedural due process and equal protection.[20] The defendants interpreted these allegations as articulating a federal question supporting subject-matter jurisdiction under 28 U.S.C. § 1331. The plaintiffs contend, to the contrary, that they were not asserting any federal law claims but are solely seeking to recover under the cited Louisiana state law.

The plaintiffs' petition does not expressly mention the Fourteenth Amendment to the United States Constitution or any other federal law nor does it

---

[19]   Rec. Doc. 1-1 at 15-16.

[20]   Rec. Doc. 1-1 at 18.

expressly mention any particular provision of the Louisiana state constitution that creates due process and equal protection rights. Under federal law, due process and equal protection rights emanate from Fourteenth Amendment, which reads as follows, in pertinent part: "No State shall. . . deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." Any claim for monetary damages for the alleged violation of constitutional rights would arise under 42 U.S.C. § 1983, which "provides a vehicle by which a plaintiff may seek redress for constitutional injuries."[21]

A plaintiff asserting a claim under Section 1983 must demonstrate that a defendant (1) deprived him of his constitutional rights and (2) acted under color of state law.[22] Thus, a plaintiff generally cannot pursue a claim under the Fourteenth Amendment against persons or entities that are not state actors.[23] More specifically, to state a Fourteenth Amendment due process claim under Section 1983, a plaintiff must first identify a protected life, liberty, or property interest and then prove that

---

[21] *World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 752 (5th Cir. 2009).

[22] *Moody v. Farrell*, 868 F.3d 348, 351 (5th Cir. 2017).

[23] *McGuire v. Turnbo*, 137 F.3d 321, 323 (5th Cir. 1998).

8

governmental action resulted in a deprivation of that interest."[24] To state a claim under the equal protection clause of the Fourteenth Amendment, a plaintiff first must allege "that two or more classifications of similarly situated persons were treated differently" by a state actor.[25]

For the court to have federal-question jurisdiction, a plaintiff is not required to cite a specific federal provision, such as 42 U.S.C. § 1983, in his complaint, but he must allege facts sufficient to establish a colorable issue of federal law.[26] Vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal-question jurisdiction.[27] The absence of a valid cause of action does not implicate subject-matter jurisdiction, but the absence of an

---

[24] See, e.g., *Noatex Corp. v. King Const. Co. of Houston, L.L.C.*, 609 Fed. App'x 164, 167 (5th Cir. 2015); Morris v. Livingston, 739 F.3d 740, 749-50 (5th Cir.2014); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir.2010)). See, also, *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974) (Fourteenth Amendment claims offer no shield against private conduct regardless of how discriminatory or wrong that conduct may be.).

[25] *Gibson v. Texas Dep't of Ins.–Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012); *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999).

[26] *Quinn v. Guerrero*, 863 F.3d 353, 359 (5th Cir. 2017).

[27] *Matthews v. Stewart*, 207 F.Supp.2d 496, 499 (M.D. La. 2001); *Hebert v. Louisiana Licensed Professional Vocational Rehabilitation Counselors*, No. 09CV1126, 2009 WL 2476558, at *4 (W.D. La. Aug. 11, 2009).

9

arguable one does.[28]  "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy."[29]

In this case, none of the defendants are state actors; instead, they are all private persons or entities.  Private individuals generally are not considered state actors, but a private individual's action may be deemed to be state action if the defendant's conduct is fairly attributable to the state.[30]  In particular, a conspiracy between state actors and private individuals to violate constitutional rights will support liability under Section 1983.[31]  To support a conspiracy claim, facts must be alleged suggesting that there was an agreement between the private and public defendants to commit an illegal act as well as an actual deprivation of constitutional rights.[32]

---

[28]　*Williamson as Next Friend of J.S.W. v. Presbyterian Christian School, Inc*., No. 2:18-CV-15-LG-NTP, 2018 WL 10419234, at *2-4 (S.D. Miss. Oct. 2, 2018) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998)).

[29]　*Steel Co. v. Citizens for a Better Environment*, 523 U.S. at 89 (internal quotation marks omitted) (quoting *Oneida Indian Nation of N. Y. State v. Oneida County, New York*, 414 U.S. 661, 666-67 (1974)).

[30]　*Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017).

[31]　*Chaney v. Races and Aces*, 590 Fed. App'x 327, 329 (5th Cir. 2014); *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008); *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

[32]　*Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994).

Absent evidence of a conspiracy, "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State.'  Under the 'fair attribution' test, the plaintiff must show: (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor."[33]  A person "may fairly be said to be a state actor only when he has acted with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."[34]

In this case, none of the defendants are state actors, the plaintiffs did not allege the existence of a conspiracy between the defendants and any state actor, and the defendants did not argue that any such conspiracy existed.  The defendants are relying on the plaintiffs' allegation that "[b]y having the Lafayette Parish Clerk of Court record the amendments in the Conveyance Records, there has been sufficient 'state action' for enforcement of the Plaintiffs' procedural due process rights and equal protection rights."[35]  The issue, then, is whether the Clerk of Court's

---

[33] *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004).

[34] *Priester v. Lowndes County*, 354 F.3d at 423 (citation omitted).

[35] Rec. Doc. 1-1 at 15.

11

recordation of the amendment to the subdivision restrictions constitutes state action sufficient to support federal-question jurisdiction.

The only governmental action alleged in the plaintiffs' petition is the Clerk of Court's recordation of a document presented to that office by the defendants. Neither the Clerk of Court nor any other governmental official is alleged to have participated in deciding to sell a portion of the subdivision property to D.R. Horton, deciding that changes should be made to the subdivision restrictions, drafting the amendments to the subdivision restrictions, or deciding how the changes would be implemented. This Court therefore finds that the Clerk of Court's alleged actions, even if proven to be true, were solely ministerial in nature. The Clerk's office merely accepted a document and recorded it in the parish conveyance records.

The United States Supreme Court has explained that the "[p]rivate use of state-sanctioned private remedies or procedures does not rise to the level of state action. . . [b]ut when private parties make use of state procedures with the overt, significant assistance of state officials, state action may be found."[36] Stated differently, a private party may be held liable under Section 1983 if he or she is a

---

[36] *Tulsa Professional Collection Services, Inc. v. Pope*, 485 U.S. 478, 485-86 (1988) (citations omitted).

"willful participant in joint activity with the State or its agents."[37] But some state involvement is too minimal to establish that a private actor and a state official have jointly participated in a deprivation of constitutional rights,[38] including the acceptance and recordation of documents by a clerk of court.[39]

In this case, there is no allegation that state officials engaged in any joint activity with the defendants or helped the private individuals and entities who are the defendants in the lawsuit or provided the "overt, significant assistance" that is necessary to convert private actions to state action or to implicate Section 1983.

The Fifth Circuit has held that a clerk of court's recordation of a "stop notice" in a dispute regarding the payment of a construction contract was purely ministerial in nature and was not sufficient to present a substantial Fourteenth Amendment claim for which Section 1983 afforded a remedy.[40] In a decision that is not binding on this Court but was found persuasive by the Fifth Circuit, the Tenth Circuit Court

---

[37] *Cinel v. Connick*, 15 F.3d at 1343 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)); *Hobbs v. Hawkins*, 968 F.2d 471, 480 (5th Cir. 1992).

[38] See, e.g., *Noatex Corp. v. King Const. Co. of Houston, L.L.C.*, 609 Fed. App'x 164, 170 (5th Cir. 2015) (citing *Cobb v. Saturn Land Co.*, 966 F.2d 1334, 1337 (10th Cir. 1992) (holding that filing of a lien statement by a court clerk is a ministerial act and does not constitute overt, significant assistance in a private party's allegedly unconstitutional seizure of property)).

[39] See *Noatex Corp. v. King Const. Co. of Houston, L.L.C.*, 609 Fed. App'x at 170; *Cobb v. Saturn Land Co., Inc.*, 966 F.2d at 1337.

[40] *Noatex Corp. v. King Const. Co. of Houston, L.L.C.*, 609 Fed. App'x at 170.

13

of Appeals similarly found that a county clerk's recordation of a material lien was not substantial enough to support a Section 1983 claim.[41]

This Court finds that, in this case, the plaintiffs have not asserted a claim against a state actor, have not alleged the type of assistance by a governmental official that would support a Section 1983 claim, and consequently have not stated an arguable or colorable federal claim. Furthermore, this Court finds that any alleged Section 1983 claim against the defendants, all of whom are private actors, lacks merit.[42] Accordingly, this Court finds that the removing defendant failed to meet its burden of demonstrating that subject-matter jurisdiction exists. Remand is, therefore, required.

### D. Other Issues Raised in the Briefing

In the parties' briefing, other issues were raised, including whether the plaintiffs' state-law claims should be severed, whether all of the defendants consented to the removal, and the significance of an order issued by the state court prior to removal. Having found that the court lacks subject-matter jurisdiction over this action, further discussion of these and any other ancillary issues is pretermitted.

---

[41] *Cobb v. Saturn Land Co.*, 966 F.2d at 1337.

[42] See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. at 89.

### E. <u>Attorneys' Fees</u>

The plaintiffs seek to recover attorneys' fees and costs, arguing that they are entitled to such recovery because the removing defendants' basis for removing this matter was unreasonable. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[43] Generally, however, "courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[44] Therefore, when an objectively reasonable basis for removal exists, no fees or costs should be awarded.[45] Whether to award costs or fees is left to the discretion of the court.[46]

In this case, despite an issue regarding the procedural propriety of removal, the defendants presented a supportable argument concerning the applicability of federal law to the plaintiffs' claims. Accordingly, this Court finds that D.R. Horton had objectively reasonable grounds upon which to remove this case. Thus, although

---

[43]   28 U.S.C. § 1447(c).

[44]   *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

[45]   *Martin v. Franklin Capital Corp.*, 546 U.S. at 141; *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293-94 (5th Cir. 2000).

[46]   *Avitts v. Amoco Production Co.*, 111 F.3d 30, 32 (5th Cir. 1997); *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993).

this Court earlier concluded that removal was improper because this court lacks subject-matter jurisdiction over the plaintiffs' claims, that conclusion does not require an award of attorneys' fees and costs to the plaintiffs. Exercising its discretion, this Court recommends that no attorneys' fees or costs should be awarded to the plaintiffs.

## Conclusion

The removing defendants failed to satisfy their burden of establishing federal-question jurisdiction, and this action does not fall within the court's diversity jurisdiction. Therefore, for the reasons set forth above, this Court recommends that the plaintiff's motion to remand or alternatively sever (Rec. Doc. 14) should be GRANTED IN PART and DENIED IN PART. More particularly, this Court finds that the motion should be granted to the extent that the plaintiffs seek to have this matter remanded to state court, denied to the extent that the plaintiffs seek to sever federal-law claims from state-law claims, and denied to the extent that the plaintiffs seek the recovery of attorneys' fees and costs.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.[47]

Signed at Lafayette, Louisiana, this 12th day of May 2020.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

---

[47] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1).